IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LAWRENCE DONNELL LEWIS,**

    Petitioner,

v.                                                Civil Action No. **3:15CV556**

**UNKNOWN,**

    Respondent.

### MEMORANDUM OPINION

Lawrence Donnell Lewis, a Virginia prisoner proceeding *pro se*, filed this civil action. By Memorandum Opinion and Order entered on January 28, 2016, this Court dismissed the action without prejudice because Lewis failed to return a consent to collection of fees form and did not pay the statutory filing fee.

On February 12, 2016, the Court received from Lewis a Notice of Appeal containing argument that the Court construes as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 15). Lewis claims that he "was confused by the consent form to collect fees, Petitioner thought that by signing [the] consent form, he would be compelled to pay the collection fee right away and petitioner doesn't have the money . . . ." (Rule 59(e) Mot. 1.) Lewis also now returns a completed consent to collection of fees form. (ECF No. 13.)

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing

*Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Lewis's purported confusion about the purpose of the consent to collection of fees form does not excuse his failure to return it to the Court. Lewis fails to demonstrate that the Court committed a clear error of law or that reopening his case is necessary to prevent manifest injustice. Nor does Lewis demonstrate any other basis for granting Rule 59(e) relief. *See Williams v. Virginia*, 524 F. App'x 40, 41 (4th Cir. 2013) ("The reconsideration of a judgment after entry is an extraordinary remedy which should be used sparingly." (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998))). Accordingly, Lewis's Rule 59(e) Motion will be DENIED. Nevertheless, because Lewis has now returned the consent to collection of fees form, it appears that he desires to continue to pursue his claims. The Court will DIRECT the Clerk to refile Lewis's "Motion Pursuant to [Rule] Sixty [(b)(B)(4) and (6)]" ("Motion," **ECF No. 10**) as a new civil action as of the date of entry hereof.[1]

An appropriate Order will accompany this Memorandum Opinion.

Date: 3/9/16
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

---

[1] Lewis initially filed his Rule 60(b) Motion on September 16, 2015. The Court received the newest version of this Motion from Lewis on December 22, 2015. The newest version of the Motion supplants the earlier-filed motion.